IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JASON C. POWELL, ESQ.,                    :
as personal representative of the         :
ESTATE OF MARK KRIEGER,                    :
                                          :
            Plaintiff,                    :     C.A. No. K17C-11-003 JJC
                                          :     In and for Kent County
      v.                                   :
                                          :
AMGUARD INSURANCE                          :
COMPANY,                                   :
                                          :
            Defendant.                    :

## ORDER

Submitted: March 27, 2020
Decided:  April 6, 2020

### *Plaintiff's Application for Certification of Interlocutory Appeal - DENIED*

**AND NOW TO WIT**, this 6th day of April 2020, upon consideration of the Plaintiff's Application for Certification of Interlocutory Appeal, **IT APPEARS THAT**:

1. Plaintiff applied to this Court for certification of an interlocutory Appeal on March 23, 2020.

2. Defendant filed its opposition to Plaintiff's application on March 27, 2020.

3. Plaintiff then filed a notice of appeal prior to the expiration of the ten days set forth in Delaware Supreme Court Rule 42(c)(iii). The Clerk of the Supreme Court notified Plaintiff that Delaware Supreme Court Rule 42(d)(iii) requires the filing of a supplemental notice of appeal after the ten days.

4. In Plaintiff's application for certification, it did not address Delaware Supreme Court Rule 42(b)'s criteria. Rather, Plaintiff merely certified, without further argument or support, that the application meets the criteria set forth in Delaware Supreme Court Rule 42(b)(iii). On balance, Plaintiff's application seeks to merely reargue post-trial issues decided by the Court in its March 2, 2020 Opinion and Order.

5. Delaware Supreme Court Rule 42(b)(iii)(E) provides that the Court should consider, among other factors, whether the interlocutory order "set aside a prior . . . decision of . . . a jury . . . **and** a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice." (emphasis added). Plaintiff's application does not address the second portion of Rule 42(b)(iii)(E)'s criteria. It also did not address the other criteria set forth in Rule 42(b)(iii). In the absence of such analysis, Plaintiff does not justify the Court's certification of an interlocutory appeal.

6. Finally, Defendant's cross-application for certification of an interlocutory appeal, in the alternative, is deemed withdrawn. Defendant made its cross-application contingent upon the Court granting Plaintiff's application for certification, which it does not.

WHEREFORE, Plaintiff's application for certification of an interlocutory appeal is **DENIED.**

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Judge

2